# IN THE UNITED STATES DISRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **KARANA N. JONES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| **ALLSTATE INSURANCE COMPANY** | ) | Removed from the Circuit Court |
| and **SEDGWICK CLAIMS MANAGEMENT** | ) | of Jefferson County, Alabama |
| **SERVICES, INC.,** | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendant Allstate Insurance Company ("Allstate"), with the consent of co-defendant Sedgwick Claims Management Services, Inc. ("Sedgwick"), removes this case to the United States District Court for the Northern District of Alabama, Southern Division pursuant to 28 U.S.C. § 1441(a). In support of this Notice of Removal, Allstate states the following:

1.  Allstate and Sedgwick have been sued in a civil action filed in the Circuit Court of Jefferson County, Alabama, Civil Action Number CV-2016-000432. The documents attached hereto as Exhibit A constitute all of the process, pleadings, and orders served upon Allstate and Sedgwick in this action to date. *See* 28 U.S.C. § 1446(a).

2.  This Notice of Removal is filed within the time limit for removal of civil actions pursuant to 28 U.S.C. § 1446. The original Complaint in this case was filed on December 12, 2016 in the Circuit Court of Jefferson County, Alabama. *See* Ex. A at 8-9. The face of the original complaint did not provide a basis of removal to this Court; however, after Allstate filed a motion to dismiss this Complaint, *see id.* at 28-51, Plaintiff filed an Amended Complaint on August 30, 2017, *see id.* at 77-80. The Amended Complaint is the first pleading from which it

may "be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) ("if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"). This notice of removal is filed within 30 days of the filing of Plaintiff's filing and service of the Amended Complaint; therefore, this notice of removal is timely. *See id.*

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), rendering it removable to this Court pursuant to 28 U.S.C. § 1441(a).

4. As Plaintiff alleges in the Amended Complaint, she is a resident and citizen of the State of Alabama and resides at 5734 Blanford Street, Birmingham, Alabama 35210. *See* Ex. A at 79.

5. Plaintiff's Amended Complaint fails to list the citizenship of Defendant Allstate Insurance Company. *See id.* at 77-80. However, at all times relevant to this action, Allstate is an Illinois corporation with its principal place of business in Illinois. *See* Exhibit B.

6. Plaintiff's Amended Complaint fails to list the citizenship of Defendant Sedgwick Claims Management Services, Inc. *See* Ex. A at 77-80. However, at all times relevant to this action, Sedgwick is an Illinois corporation with its principal place of business in Memphis, Tennessee. *See* Exhibit C.

7. Based upon the foregoing, there is complete diversity in this action.[1] *See* 28

---

[1] That Sedgwick and Allstate are both incorporated in Illinois is of no moment here as concerns the existence of complete diversity jurisdiction under 28 U.S.C. § 1332 as Sedgwick and Allstate are not adverse parties but rather are co-defendants in this action. *See Ranbaxy Labs. Inc. v. First Databank, Inc.*, 826 F.3d 1334, 1338 (11th Cir. 2016) ("A district court may exercise diversity jurisdiction only if there is complete diversity between the parties, that is, no two <u>adverse</u> parties are citizens of the same state. . . . A corporation is a citizen of any state in which it is incorporated and of the state 'where it has its principal place of business.'") (quoting 28 U.S.C. § 1332(c)(1)) (emphasis added).

U.S.C. §§ 1332(a)(1), 1332(c)(1).

8. Plaintiff's original complaint did not explicitly seek any particular amount of damages but rather generically alleged that Plaintiff was entitled to all monies due to her under Allstate's short term disability policy, managed and administered by Sedgwick, in addition to interest and costs. *See* Ex. A at 9. Thus, the original complaint did not provide "clear evidence that the action satisfie[d] the jurisdictional requirements" for removal pursuant to this Court's diversity jurisdiction. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1217 (11th Cir. 2007). However, in her August 30, 2017 Amended Complaint, Plaintiff now seeks a variety of forms of monetary relief. In addition to the payment of short term disability benefits, she now seeks other employee benefits (including insurance payments), and explicitly requests that "Allstate be directed to pay Plaintiff $85,000 or roughly two (2) times her annual salary for her wrongful termination." Ex. A at 79. The "sum demanded in good faith" in Plaintiff's Amended Complaint is "deemed to be the amount in controversy" for purposes of determining diversity jurisdiction. *See* 28 U.S.C. § 1446(c)(2).

9. Because Defendants are citizens of different States than the Plaintiff, resulting in complete diversity, and because the Amended Complaint explicitly states that the amount in controversy in this action exceeds $75,000, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). Therefore, removal of this action is appropriate. *See* 28 U.S.C. § 1441(a). Moreover, as previously noted, this removal is effected within 30 days of Plaintiff's filing and service of her Amended Complaint; thus, removal is timely under 28 U.S.C. § 1446(b)(3).

10. The United States District Court for the Northern District of Alabama, Southern Division, is the federal judicial district embracing the Circuit Court of Jefferson County,

Alabama, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. § 81(a)(3) and § 1441(a).

11. Pursuant to 28 U.S.C. § 1446(d), after the filing of this Notice of Removal, Plaintiff Karana Jones will be provided with written notice and a true and correct copy of the instant filing, and Defendant Allstate will file a true and correct copy of this Notice with the Clerk of the Circuit Court of Jefferson County, Alabama.

12. Sedgwick, which is the only other named co-defendant in this action and which was previously served, has consented to this removal. *See* 28 U.S.C. § 1446(b)(2)(A). A copy of Sedgwick's consent to removal is attached hereto as Exhibit D.

Respectfully submitted this the 14th day of September, 2017.

*/s/ Rebecca A. Beers*
Rebecca A. Beers (ASB-0409-C62B)
RUMBERGER KIRK & CALDWELL, P.C.
2001 Park Place North, Suite 1300
Birmingham, Alabama 35203
205.327.5550
rbeers@rumberger.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that I have, on this the 14th day of September, 2017, served a true and correct copy of the foregoing on the following via United States Mail, first class, postage prepaid, and via electronic mail:

Karana N. Jones
5734 Blanford Street
Birmingham, AL 35210
KaranaJones@yahoo.com

J. Gordon Howard (ASB-5896-O69H)
RUSSELL & OLIVER, PLC
5178 Wheelis Drive
Memphis, Tennessee 38117
Telephone: 901.844.4449
Facsimile: 901.844.4435
gordonh@russelloliverlaw.com

               */s/ Rebecca A. Beers*
               OF COUNSEL

10417873.1